# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CRUZ MORALES,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:25-cv-01749-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 17) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding. For the reasons discussed herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus for failure to state cognizable federal habeas claims.

## I.

## BACKGROUND

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota") (ECF No. 1 at 1.[1]) According to the incident report, on April 23, 2023, an officer conducted a random cell search of the cell assigned to Petitioner and his cellmate and located a USB charging cable and adapter concealed in a light fixture. (ECF No. 17-1 at 26.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On April 24, 2023, the incident report was delivered to Petitioner, and the investigation was completed. (ECF No. 17-1 at 26, 28.) Petitioner was charged with a violation of Code 108, possession of a hazardous tool. (Id.) The incident report was referred to the Unit Disciplinary Committee ("UDC"). (Id. at 28.) On April 26, 2023, the UDC held and hearing and referred the incident report to a Disciplinary Hearing Officer ("DHO") "based on the severity of the accused prohibited act." (Id. at 27.)

On May 23, 2023, a DHO held a hearing and found Petitioner committed the prohibited act of possession of a hazardous tool, a violation of Code 108. (ECF No. 17-1 at 22, 23.) Petitioner was assessed a sanction of 41 days disallowed good conduct time, 270 days disciplinary segregation, 283 days forfeited non-vested good conduct time, 365 days impound, and loss of commissary, email, phone, and MP Player privileges for 365 days. (Id. at 24.)

On December 5, 2025, Petitioner filed the instant petition for writ of habeas corpus, challenging his disciplinary proceeding. (ECF No. 1.) On April 17, 2026, Respondent filed a motion to dismiss and response. (ECF No. 17.) To date, no reply has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1984); Wolff, 418 U.S. at 563–67. Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71.

In addition to the various procedural requirements for disciplinary proceedings as set forth in Wolff, due process requires that there be "some evidence" to support the disciplinary decision to revoke good time credits. Hill, 472 U.S. at 454–55. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Hill, 472 U.S. at 455–56.

**A. Sufficiency of the Evidence**

In Ground One, Petitioner appears to challenge the sufficiency of the evidence supporting the DHO's finding on the grounds that no cell phone was found or presented as evidence. (ECF No. 1 at 6–7.) Additionally, Petitioner notes that the disciplinary report states that offense occurred in Cell 227, but Petitioner is assigned to Cell 224. (Id. at 8.)

In concluding that Petitioner committed the prohibited act of possession of a hazardous tool, the DHO Report stated:

> The DHO relied on the officer's written report, evidence photo, and chain of custody. The officer's written report states,
>
>> Inmate CRUZ-MORALES, LUIS, #14856-010 On April 23, 2023, at approximately 6:55pm, while assigned as the A-4 Housing Unit Officer, I conducted a random cell search of cell 227. During the search, I located a USB charging cable and adapter concealed above in the light fixture. Cell 224 is assigned to Inmates Cruz-Morales, Luis Reg**:** 14858-010, and Inmate Perez, Yoryi, Reg: 37939-479. I notified the Operations Lieutenant and both inmates were escorted out of the housing unit without incident. Inmates Cruz-Morales and Inmate Perez were Identified using TRUSCOPE and SENTRY.
>
> The DHO considered the evidence photo. The evidence photo depicted one black USB C-Type cell phone charging cable and one wall cellphone charger. The evidence photo noted the devices were found inside cell A4 227, inside the light fixture. The photo evidence noted the cell was assigned to Inmate Perez, Yoryi, Reg. No. 37939-479 and Cruz-Morales, Luis, Reg. No.14856-010.
>
> The DHO considered the chain-of-custody form. The form noted the electronic devices were found inside cell A4 227 from inside the light fixture.
>
> The DHO also considered inmate s [*sic*] statement during the disciplinary hearing. During the DHO hearing, the inmate stated, "I admit it. I knew it was there. [*sic*] The DHO deemed this statement to be and [*sic*] admission of guilt and NOT exculpatory evidence, as aiding and or helping one to conceal contraband in ones

> [*sic*] dominion is treated the same as committing the act itself. The DHO found the electronic devices found meet the elements of offense for possession of a hazardous tool, Code 108.
>
> Based upon the greater weight of the evidence (Officer s [*sic*] written report, evidence photo, chain-of-custody, and Inmate s [*sic*] admission statement during the DHO hearing) the DHO finds Inmate Cruz-Morales, Luis, Reg. No. 14856-010, committed the prohibited act of Possession of a Hazardous Tool (Code 108).

(ECF No. 17-1 at 23–24.)

The Court is not tasked with weighing evidence or assessing credibility of witnesses in order to determine whether the requirements of due process are satisfied. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Hill, 472 U.S. at 455–56. Additionally, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Id. at 457.

To the extent Petitioner asserts he could not be found guilty of a Code 108 violation because no cell phone was found, this Court rejected Petitioner's cellmate's similar argument as "not . . . persuasive," Perez v. Arviza, No. 1:23-cv-01341-SAB-HC, 2024 WL 2393143, at *4 (E.D. Cal. May 23, 2024), report and recommendation adopted, No. 1:23-cv-01341 JLT SAB (HC), 2024 WL 3510174 (E.D. Cal. July 23, 2024), because "courts have upheld an inmate's discipline under Code 108 for possession of a cell phone and/or a *cell phone charger*," Douglas v. Zickefoose, No. CIV. 11-406 JBS, 2012 WL 266364, at *15 (D.N.J. Jan. 27, 2012) (emphasis added) (collecting cases). Accordingly, habeas relief is not warranted on this ground.

To the extent Petitioner asserts he could not be found guilty of a Code 108 violation because he was assigned to Cell 224 and the prohibited items were found in Cell 227, again, this Court rejected Petitioner's cellmate's similar argument because "BOP records reflect that at the time of the incident, Petitioner was assigned to cell 227. Although the incident report states that the USB charging cable was found in cell 227 and Petitioner was assigned to cell 224, this appears to be a clerical error." Perez, 2024 WL 2393143, at *4. Similarly, here, Petitioner's Inmate History Quarter report reflects that on April 23, 2023, the date of the incident, Petitioner was assigned to Cell 227. (ECF No. 17-1 at 5, 35.) Accordingly, habeas relief is not warranted on this ground.

**B. False Disciplinary Report/Retaliation**

In Ground Two, Petitioner appears to argue that the incident report and disciplinary proceeding were false and retaliatory. (ECF No. 1 at 7.) Filing false allegations by itself does not violate a prisoner's constitutional rights so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights. Harper v. Costa, No. CIV S-07-2149 LKK DAD P, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009), aff'd, 393 F. App'x 488 (9th Cir. 2010). There are no allegations in the petition that the false allegations were in retaliation for Petitioner exercising his constitutional rights. Additionally, as set forth in section II(A), *supra*, and section II(C), *infra*, Petitioner received the process he was due. Therefore, Petitioner fails to state a cognizable claim for federal habeas relief in Ground Two.

**C. Lack of Staff Representative at UDC Hearing**

In Ground Three, Petitioner asserts that the denial of a staff representative at the UDC hearing violated due process. (ECF No. 1 at 7.) However, because the UDC review process[2] cannot be used to revoke an inmate's good conduct credit, 28 C.F.R. §§ 541.7(f),[3] there is no deprivation of a protected liberty interest. See Brennan v. United States, 646 F. App'x 662, 667 (10th Cir. 2016) ("[T]here was no due process violation because UDC hearings may not be used to revoke an inmate's good-time credit," and "*Wolff* due process requirements do not apply to UDC hearings."); Barbour v. Matevousian, No. 1:17-cv-00965-JLT (HC), 2018 WL 1941640, at *3 (E.D. Cal. Apr. 25, 2018) ("The UDC hearing is irrelevant on federal habeas review."). Therefore, Petitioner fails to state a cognizable claim for federal habeas relief in Ground Three.

[2] "The discipline process starts when staff witness or reasonably believe that [the inmate] committed a prohibited act. A staff member will issue [the inmate] an incident report describing the incident and the prohibited act(s) [the inmate is] charged with committing." 28 C.F.R. § 541.5(a). After the inmate receives an incident report, a BOP staff member will investigate it. 28 C.F.R. § 541.5(b). "A Unit Discipline Committee (UDC) will review the incident report once the staff investigation is complete." 28 C.F.R. § 541.7. The UDC may refer the incident report to "the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged." 28 C.F.R. § 541.7 (a)(3).

[3] "If [the inmate] committed a prohibited act or prohibited acts, the UDC can impose any of the available sanctions in Tables 1 and 2 of § 541.3, except loss of good conduct time credit, FSA Time Credits, disciplinary segregation, or monetary fines." 28 C.F.R. § 541.7(f).

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 17) be GRANTED;
2. The petition for writ of habeas corpus be DISMISSED for failure to state cognizable federal habeas claims.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE